UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DEANNA ORNAS, INDIVIDUALLY,
AND ON BEHALF OF THE ESTATE
OF STEPHEN ORNAS, AND AS
NEXT FRIED FOR M.O., A MINOR
CHILD, AND ALISON ORNAS AND
SETH ORNAS, ADULT CHILDREN,**

   *Plaintiffs*,

v.                                                                  Case No. 5:24-CV-0316-JKP-RBF

**AMAZON.COM, INC.;
AMAZON.COM SERVICES, LLC;
AMAZON.COM, LLC; and
AMAZON.COM SALES, INC,**

   *Defendants*.

### ORDER DENYING MOTION TO REMAND

Before the Court is an Agreed Motion to Remand to State Court (ECF No. 11). Because it appears that the parties are merely seeking an order to remand this case base upon their agreement to remand, the Court **DENIES** the motion.

A court "cannot remand a case simply because the parties have come to an understanding after removal." *Mestas v. State Farm Mut. Auto. Ins. Co.*, No. EP-14-CA-00075-FM, 2014 WL 12874059, at *2 (W.D. Tex. Mar. 25, 2014) (citations omitted).

> District courts may generally remand cases to state court but only on grounds authorized by statute. The relevant statutes authorize remand in cases removed based on diversity jurisdiction only when (1) a party timely objects to a defect in the removal process, or (2) the district court lacks subject-matter jurisdiction. Notably, no statute permits a remand solely based on the parties' mutual agreement.

*Rushing Agency, LLC v. Allstate Ins. Co.*, No. MO:24-CV-00298-DC, 2025 WL 1569480, at *1 (W.D. Tex. Apr. 17, 2025) (footnotes and citations omitted). Consequently, "unless a party demonstrates a defect in the removal process or establishes a lack of subject-matter jurisdiction,

remand is not warranted." *Id*. Once a case has "been correctly removed," a district court can only remand the case "under authority of one of the limited number of enumerated grounds for remand." *Buchner v. FDIC*, 981 F.2d 816, 821 (5th Cir. 1993).

The parties have not sought remand under any statute. Nor have they shown that this Court lacks jurisdiction. "Subject matter jurisdiction can neither be conferred nor destroyed by the parties' agreement or waiver. *Id*. The parties here simply seek a remand to obtain judicial approval of their settlement in accordance with state law. This Court may appropriately conduct the necessary proceedings for approving the settlement. *See Molina v. United States*, No. 5:22-CV-00028, 2023 WL 3848389, at *2-3 (S.D. Tex. June 2, 2023) (recommendation of Mag. J.) *accepted by* 2023 WL 3855912 (S.D. Tex. June 6, 2023); *Baladez v. General Motors, LLC*, No. 1:17-CV-0194-C-BL, 2018 WL 6737978, at *1-2 (N.D. Tex. Dec. 18, 2018) (recommendation of Mag. J.) *adopted by* 2018 WL 6831109 (N.D. Tex. Dec. 28, 2018); *Jones v. Burke*, No. SA-14-CA-328-FB (HJB), 2015 WL 13545482, at *1 (W.D. Tex. Aug. 6, 2015) (recommendation of Mag. J.) *accepted by* 2016 WL 9453329 (W.D. Tex. July 8, 2016).

For these reasons, the Court **DENIES** the Agreed Motion to Remand to State Court (ECF No. 11). The stay of this case remains in effect and the case remains administratively closed. *See* ECF No. 8. **On or before October 14, 2025**, the parties shall file a motion for appointment of a guardian ad litem pursuant to Fed. R. Civ. P. 17(c). Once the Court appoints a guardian ad litem, it will set a deadline for the guardian to file a report.

**IT is so ORDERED this 12th day of September 2025.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**